### PINCKNEY *v.* DAY.

*(Supreme Court, General Term, First Department.* November 30, 1891.)

1. ACTION FOR RENT—DETERMINATION OF LEASE—GRADING STREET.

A lease of premises abutting on an unimproved street provided that if the city authorities should enter upon and take possession of such street for the purpose of regulating and grading the same, the lease should terminate at the beginning of such work. *Held*, the city authorities having taken possession of such street, that the lessee was not absolved from the payment of rent accrued before the passage of the ordinance and execution of the contract under which the work of grading the street was begun.

2. SAME—COMMENCEMENT OF GRADING—REMOVAL OF OBSTRUCTIONS.

In such case, the removal of a fence and other obstructions from the street, and dumping earth and street sweepings therein before the passage of the ordinance in question, was not a commencement of the work of regulating and grading the street, such fence and obstructions being liable to removal at any time by the city authorities.

Appeal from circuit court, New York county. Affirmed.

Action by Mary G. Pinckney against John B. Day. From a judgment for plaintiff, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*William E. Stewart,* for appellant. *John C. Shaw* and *Gratz Nathan,* for respondent.

BARRETT, J. This appeal is without merit. The plaintiff did not attempt to rent 111th street. The lease expressly specified two blocks of ground, one bounded southerly and the other bounded northerly by this street. It is plain, therefore, that there was no covenant of quiet enjoyment with respect to the street itself. The only covenant on that head was as follows: "And the said parties hereto hereby covenant that in case the authorities of the city of New York, or any person by their authority, shall enter upon and take possession of 111th street for the purpose of regulating and grading the same, that from and after such work shall begin this lease shall determine and

end, and that the rent shall be paid up to the beginning of such work only, and without any claim or damages for such ending and determination of this lease being made by or allowed to the parties of the said second part by the said party of the first part." It appeared in evidence that the ordinance for the regulating and grading of this street was not passed until after the date at which the installments of rent claimed in this action became due. The contract under which the work was actually done was made pursuant to this ordinance, and was, of course, of a still later date. It is clear, then, that the city authorities did not, nor did any person by their authority, enter upon or take possession of the street for the purpose of regulating and grading it until after the rent sued for became due under the terms of the lease. Consequently the defendants were not absolved from the payment of such rent. It is claimed, however, that the city authorities actually took possession of the street and commenced the work of regulating and grading before the passage of the ordinance. This contention is not borne out by the facts. What was done was to remove the fence and other obstructions on the road; also, to dump dirt and street sweepings thereon. But these acts were not embraced within the covenant. The latter is clear, precise, and unambiguous. Both parties knew, or should have known, that the fence and obstructions in question were removable at any time by the commissioner of public works. If the acts complained of had been within the intention of the parties, it would have been easy to express such intention in the instrument. In place, however, of saying that the lease should terminate in case the lessees were disturbed in the practical exclusion of the public from the street, however that might be accomplished, the parties chose to covenant for well-defined official action, and to take their chances as to any other disturbance of the *status quo.* No evidence was given in support of the claim for a reformation of the contract, and it is quite evident that no case on that head could, under well-settled rules, have been made. There was nothing to go to the jury. The evidence was undisputed that the work was not begun under the contract for regulating and grading until after the rent sued for became due and payable. The verdict, therefore, was properly directed, and the judgment appealed from should be affirmed, with costs. All concur.